**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The JAY PETER KAUFMAN REVOCABLE TRUST, On behalf of Itself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>NEW CENTURY FINANCIAL CORPORATION, BRAD A. MORRICE, ROBERT K. COLE, MARYLIN A. ALEXANDER, HAROLD A. BLACK, FREDRIC J. FORSTER, EDWARD F. GOTSCHALL, DONALD E. LANGE, MICHAEL M. SACHS, RICHARD A. ZONA, PATTI M. DODGE, WILLIAM J. POPEJOY, BEAR STEARNS & CO., INC., STIFEL NICOLAUS & COMPANY, INCORPORATED, DEUTSCHE BANC SECURITIES, INC., JMP SECURITIES LLC, PIPER JAFFRAY & COMPANY, and ROTH CAPITAL PARTNERS LLC,<br><br>                Defendants. | Case No. 07-CV-2902 (SHS) |

(captions continued on the subsequent page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF THE NEW YORK STATE TEACHERS' RETIREMENT SYSTEM
TO TRANSFER VENUE AND IN OPPOSITION TO THE
MOTION OF THE JAY PETER KAUFMAN REVOCABLE
<u>TRUST FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The JAY PETER KAUFMAN REVOCABLE TRUST, On behalf of Itself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>NEW CENTURY FINANCIAL CORPORATION, BRAD A. MORRICE, ROBERT K. COLE, MARYLIN A. ALEXANDER, HAROLD A. BLACK, FREDRIC J. FORSTER, EDWARD F. GOTSCHALL, DONALD E. LANGE, MICHAEL M. SACHS, RICHARD A. ZONA, PATTI M. DODGE, DAVID EINHORN, BEAR, STEARNS & CO., INC., MORGAN STANLEY & CO., INC., STIFEL NICOLAUS & COMPANY, INCORPORATED, and JEFFRIES & COMPANY, INC.,<br><br>                    Defendants. | Case No. 07-CV-2903 (GBD) |

New York State Teachers' Retirement System ("NYS Teachers") respectfully submits this Memorandum of Law in Support of its Motion to transfer venue, pursuant to 28 U.S.C. § 1404, and in opposition to the Motion of The Jay Peter Kaufman Revocable Trust ("Kaufman") for appointment as lead plaintiff and for appointment of Kaufman's counsel, Milberg Weiss & Bershad LLP ("Milberg Weiss"), as lead counsel. NYS Teachers suffered approximately $50 million in losses on its investment in the securities of New Century Financial Corporation ("New Century" or the "Company") in connection with the Company's recent collapse and has submitted a motion for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") in the Central District of California, where over twenty related securities class actions are currently pending.[1] To the best of NYS Teachers' knowledge, the actions commenced by Kaufman in the Southern District of New York are the *only* securities class actions related to New Century's recent collapse not filed in California.[2] For the reasons discussed below, the Court should deny Kaufman's motion and transfer the cases to the

---

[1] The Memorandum of Law in Support of NYS Teachers' Lead Plaintiff Motion in the Central District of California is attached as Exhibit A to the Declaration of Gerald H. Silk (the "Silk Decl."). The Brief in Further Support is attached as Exhibit B to the Silk Decl. NYS Teachers has also submitted a Motion in the Central District of California seeking a Preliminary Injunction to freeze the assets of certain individual defendants in order to preserve those assets for the Class. In addition, NYS Teachers has retained separate bankruptcy counsel to act on behalf of the Class in New Century's bankruptcy proceedings and counsel has already entered an appearance in that action. Further, NYS Teachers has commenced an ongoing investigation, through counsel, into the events leading up to New Century's collapse and intends to present the facts obtained through that investigation in an amended complaint at the appropriate time.

[2] The actions are styled *The Jay Peter Kaufman Revocable Trust v. New Century Financial Corporation, et al.* (No. 07-CV-2902) and *The Jay Peter Kaufman Revocable Trust v. New Century Financial Corporation, et al.* (No. 07-CV-2903). The earlier-filed action was assigned to the Honorable Sidney H. Stein. The later-filed action was assigned to the Honorable George B. Daniels.

Central District of California (or, at the very least, all investor lawsuits arising out of the collapse of New Century should be transferred to the same federal district).[3]

## Factual and Procedural Background

New Century is a real estate investment trust headquartered in Irvine, California. On February 7, 2007, the Company commenced a series of corrective disclosures concerning its subprime lending business that rapidly eliminated over $1.5 billion in the value of its publicly traded securities and resulted in the Company's filing for bankruptcy protection.

The first securities class action was filed against New Century in the Central District of California on February 8, 2007, and assigned to the Honorable Dean D. Pregerson. Notice of the pendency of the class action was published in accordance with the PSLRA on the following day, notifying class members of the April 10, 2007 statutory deadline to seek appointment as lead plaintiff in the Central District of California. At least twenty further securities class actions arising from losses suffered by investors in New Century's publicly traded securities in the wake of the Company's collapse were subsequently filed in that jurisdiction, followed by publication of approximately forty notices of the pendency of the class actions in the Central District of California.[4] At least eight movants submitted lead plaintiff motions on the statutory deadline in the Central

---

[3] One Milberg Weiss attorney—Mr. Kent A. Bronson—is listed incorrectly on the dockets for these cases as an attorney with Bernstein Litowitz Berger & Grossmann LLP, which is counsel herein for NYS Teachers. This information is incorrect. Mr. Bronson is not employed by Bernstein Litowitz Berger & Grossmann LLP.

[4] The notices of the filings of these class actions, including the first published notice, are attached as Exhibit C to the Silk Decl.

District of California.[5]  Briefing on these lead plaintiff motions is almost complete, with the opposition memoranda having been filed yesterday, and a hearing date has already been set.

Shortly before midnight on April 10, 2007—the deadline for submission of lead plaintiff motions in California—Kaufman filed two new securities class action complaints in the Southern District of New York, as well as motions for appointment as lead plaintiff and lead counsel.  Milberg Weiss, counsel for Kaufman, gave no public notice of these filings and, in fact, attached the relevant notices from the California actions to its own filings—an indication that Milberg Weiss itself believes that Kaufman's lawsuits are related actions to those pending in California.  As can be seen from the file-stamped cover pages of Kaufman's stealth eleventh-hour filings, Kaufman filed the first complaint at exactly 11:48 pm on the date of the deadline and completed the filings during the remaining twelve minutes of that day.  As a result, Kaufman is, unsurprisingly, the only movant seeking lead plaintiff status in the Southern District of New York.  Every other movant seeking appointment as lead plaintiff has done so in California.  Given the circumstances and eleventh hour of these filings, Kaufman's complaints and motions appear to be little more than an effort to evade the California litigation and carve out a separate and superfluous class action.[6]  The Court

---

[5] A copy of the docket in the first-filed action, styled *Avi Gold v. Brad A. Morrice, et al.*, No. 2:07-CV-00931 (C.D. Cal.), reflecting the filing of lead plaintiff motions is attached as Exhibit D to the Silk Decl.

[6] Given these circumstances, a motion to intervene by NYS Teachers under Rule 24 is not required.  *See, e.g., In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, at *8-11 (S.D.N.Y. Feb. 26, 2007).

3

should reject that effort.[7]

## Argument

I. **The Court Should Transfer Kaufman's Actions to the Central District of California (or, at the very least, All Actions Should Be Transferred to the Same District)**

The standards for motions to transfer venue are well-defined. Section 1404(a) provides that "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district . . . where it may have been brought." The goal of Section 1404 "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flowserve Corp. v. BMCE, Inc.*, No. 05-8075, 2006 U.S. Dist. LEXIS 73942, at *4 (S.D.N.Y. Oct. 12, 2006) (internal quotation marks omitted). In deciding whether to transfer an action, courts consider several factors including (i) the convenience of the witnesses, (i) the convenience of the parties, and (iii) trial efficiency. *See, e.g., Cook v. UBS Fin. Servs.*, No. 05-8842, 2006 U.S. Dist. LEXIS 12819, at *17-18 (S.D.N.Y Mar. 21, 2006) (Stein, J.)  All three of these factors strongly favor transferring Kaufman's actions to the Central District of California (or, at the very least, transferring all investor lawsuits arising out of the collapse of New Century to the same federal district).

---

[7] Indeed, it is clear that Kaufman would not have been appointed as lead plaintiff had it moved in the California actions due to its comparatively small financial interest in this litigation. Specifically, Kaufman claims total losses of approximately $1 million—$509,570 on New Century Financial Preferred Series A 9.125% shares and $525,000 on New Century Financial Preferred Series B 9.75% shares. These figures pale in comparison to the NYS Teachers' losses of approximately $50 million on New Century securities and are also substantially lower than many of the other lead plaintiff movants' losses in the California action. The comparative losses of the lead plaintiff movants in the Central District of California can be seen at Exhibit B to the Silk Decl., at 1. Accordingly, had Kaufman's complaints and lead plaintiff motions been filed in the Central District of California in accordance with the notice attached to Kaufman's own filings, Kaufman would have stood virtually no chance of being appointed lead plaintiff and counsel under the PSLRA, which requires that the movant with the largest financial interest in the outcome of the litigation be appointed. 15 U.S.C. 78u-4(a)(3)(B)(iii).

4

The convenience of the witnesses and parties would unquestionably be furthered by transferring the case to the same district in which the other related actions are pending. As described above, there are already over twenty securities class actions arising from precisely the same series of operative facts on file and pending in California and Kaufman's actions are the *only* cases on file in New York. To force the parties and witnesses to conduct that litigation in California and, at the same time, to require those parties and witnesses to participate in a duplicative lawsuit in New York would obviously inflict significant inconvenience on all concerned. For similar reasons, trial efficiency, and judicial economy within the federal judicial system more generally, would be furthered by transferring the cases to the same district in which the other related actions are pending, thereby avoiding the waste of resources necessary to conduct two virtually identical cases on parallel tracks across the country from each other. Maintaining parallel actions will also greatly increase the risk of inconsistent determinations between federal district courts, and transfer to a single jurisdiction will eliminate that possibility.

Moreover, the manner in which Kaufman's actions were commenced—with a last-minute filing in an unnoticed jurisdiction—would inflict unfairness upon all movants in the California actions. Transfer is, therefore, warranted in the interests of justice. Accordingly, NYS Teachers respectfully submits that the Court should reject Kaufman's efforts and transfer the case to the Central District of California (or, at the very least, that the actions should all be transferred to the same federal district).

## II.     **Kaufman's Motion Should be Denied**

In light of the comparatively small financial interest asserted by Kaufman in the New Century securities litigation, Kaufman should not be appointed as lead plaintiff.

Rather, the case should be transferred and consolidated with the numerous other pending cases and proceed in the orderly fashion contemplated by the PSLRA. *See* 15 U.S.C. 78u-4(a)(3)(B)(ii) (requiring consolidation of related securities class actions prior to appointment of a lead plaintiff).

Milberg Weiss attempts to distinguish the cases it filed in New York from the California actions on the basis that the New York actions are brought on behalf of holders of two classes of preferred shares. The distinction is misguided as a matter of fact and law.

Investors in four different classes of New Century securities—common stock, the two classes of preferred shares in which Kaufman invested, and stock options—have filed suit in the Central District of California.[8] These actions will all likely be consolidated in accordance with the PSLRA and will proceed in an organized fashion under a lead plaintiff appointed by the district court in that jurisdiction. It is thus simply incorrect to suggest that claims on behalf of investors in New Century preferred securities are not a part of the class actions pending in the Central District of California.

More importantly, the argument that an investor in any given security must maintain a separate class action lawsuit on behalf of that particular "niche" of investors has been repeatedly rejected by courts in this district and throughout the country as contrary to the requirements and policy goals of the PSLRA. The Second Circuit Court of Appeals has explicitly held that:

> Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case,

---

[8] Copies of class action complaints asserting claims on behalf of investors in each of these New Century securities are attached as Exhibits E through H of the Silk Decl.

>it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.

*See, e.g., Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82, 82 n.13 (2d Cir. 2004) ("Any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole."); *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) ("Courts are constrained to choose a lead plaintiff who has, among other things, the largest financial stake in the outcome of the case. It stands to reason that in many cases, the instant cases included, the plaintiff with the largest financial interest may not have standing to sue on all causes of action.").

In accordance with this reasoning, courts have repeatedly refused to appoint lead plaintiffs on behalf of "niche" investors in preferred securities, as Kaufman now urges the Court to do. *See, e.g., In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, No. 1:06-77, 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) ("[S]egregating out a sub-class of Delphi Trust I preferred securities purchasers is wholly unnecessary here where the claims of both the common stock and preferred securities purchasers are all predicated upon the same allegedly false and fraudulent representations and actions of Delphi Corporation and its officers and directors."); *In re Mills Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 50485, at *12 (E.D. Va. May 30, 2006) (refusing to appoint a preferred stock owner as Co-Lead Plaintiff; "Mr. Rudolf contends that because he is the only class member among the four movants who owns preferred shares of Mills stock, he should be appointed as co-Lead Plaintiff to represent other similarly situated class members - members who own shares of preferred stock. The Court disagrees."); *In re Doral Fin. Corp. Sec. Litig.*, 414

7

F. Supp. 2d 398, 401 (S.D.N.Y. 2006) (declining to appoint "[l]ead plaintiffs for separate 'niche' classes" of investors in preferred securities); *In re Northwestern Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (declining to appoint an investor in preferred shares as Lead or Co-Lead Plaintiff because the other movant "appointed as Lead Plaintiff need not have suffered a loss on each type of security at issue to serve as the Lead Plaintiff in this litigation").

Courts likewise refuse to appoint "niche" lead plaintiffs on behalf of investors asserting claims under different provisions of the federal securities laws, as Kaufman asserts is required in this case. *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) (declining to appoint a Co-Lead Plaintiff with Securities Act standing because it "is well established that the Lead Plaintiff's claims do not have to be identical to the other class members' claims and in fact, the idea that there should be multiple Lead Plaintiffs with standing to sue on all possible causes of action has been rejected by the Southern District."); *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 1513772, at *8 (D.N.H. 2000) (appointing one movant as "the lead plaintiff for all plaintiffs in this consolidated action" despite the availability of different securities law claims to other movants).

Finally, one of the principal policy goals underlying the PSLRA was to discourage abuses associated with lawyer-driven litigation and encourage institutional investors to assert control over securities class actions and counsel. *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. at 123 (explaining that "the purpose [of the PSLRA] was to ensure that securities litigation was investor-driven, as opposed to lawyer-driven. *See* S. Rep. No. 104-98 at 4 (1995) (finding that the purpose of the PSLRA is 'to

8

empower investors so that they—not their lawyers—exercise primary control over private securities litigation')"). NYS Teachers respectfully submits that Milberg Weiss's effort to interject itself into this litigation by means of its last-minute filings in the Southern District of New York should not be permitted. Accordingly, the Court should reject Kaufman's motion.

## CONCLUSION

For the foregoing reasons, NYS Teachers respectfully requests that the Court: (i) transfer these actions to the Central District of California (or, at the very least, that all of the actions be transferred to the same federal district); (ii) deny Kaufman's motion; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: April 24, 2007                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Gerald H. Silk
Gerald H. Silk (GS-4565)
Salvatore J. Graziano (SG-6854)
Noam Mandel (NM-0203)
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(212) 554-1400

Counsel for New York State Teachers' Retirement System and Proposed Lead Counsel for the Class

9